UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 09-CV-752-H

MAFCOTE INDUSTRIES, INC. and
ROYAL CONSUMER PRODUCTS, LLC                                         PLAINTIFFS

V.

UNITED PARCEL SERVICE, INC., et al.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case is a consolidation of claims for loss or damage of freight. Mafcote Industries, Inc., and Royal Consumer Products, LLC (collectively "Mafcote") have made 1,115 freight claims against United Parcel Service, Inc. ("UPS") and 236 freight claims against UPS Ground Freight, Inc. ("UPSGF"). After all discovery has been completed, Mafcote has made two motions for summary judgment: the first on UPS's counterclaim for unpaid freight bills; and the second on its 236 claims against UPSGF in the amount of $78,169.53.[1] In addition, UPSGF has moved for summary judgment for its unpaid shipping charges.

Mafcote's motion to dismiss UPS's counterclaim is relatively straightforward. It says that the charges for the 236 deliveries in question arose from freight deliveries by UPSGF not UPS. Furthermore, it asserts that any carrier must begin a civil action to recover such charges for interstate transportation within 18 months of the claims accrual. 49 U.S.C. § 14705(a). Neither UPS nor UPSGF, Mafcote asserts, timely commenced such an action.

UPS has not denied that the freight deliveries and the Bills of Lading in question originated from UPSGF. However, it argues that the companies are functionally the same,

---

[1] Mafcote reduced its claim during briefing to $44,201.73 pursuant to UPSGF's damage calculations.

though UPS is the parent of UPSGF.  The Court disagrees.  The corporate formalities mean something.  A parent cannot maintain an action on behalf of its subsidiary in these circumstances unless the subsidiary is merely an ultra ego.  UPS has not made such an argument.

Although it is not necessary to go further, the plain language of 49 U.S.C. § 14705(a) does require that a civil action to recover charges for transportation or service provided by a carrier must be brought within eighteen months after the claim accrues.  Neither UPS nor UPSGF may evade the statutory provision by bringing the same claims under state contract law.

For each of these reasons, the Court concludes that Mafcote's motion should be sustained.  Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Mafcote's motion to dismiss UPSGF's shipping charges as to the 236 deliveries is SUSTAINED.  As a result, UPSGF's claims for those charges are DISMISSED WITH PREJUDICE.  Defendants' motion for summary judgment on the same issue is now MOOT.

IT IS FURTHER ORDERED that Mafcote's motion for summary judgment on its claim for damages on 236 deliveries will be taken under consideration after Defendants have had an opportunity to file additional responses.

cc:     Counsel of Record